IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT E. WINGARD, | Civil Action No: 2:21-cv-1738 |
| Plaintiff, | ***ELECTRONICALLY FILED*** |
| v. | |
| THE UNITED STATES OF AMERICA, ACTING BY AND THROUGH THE UNITED STATES POSTAL SERVICE, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Scott E. Wingard, by and through his attorneys, George R. Farneth II, Esquire and The Farneth Law Group, LLC, and files this Complaint in Civil Action against the above-named Defendant and in support thereof avers as follows:

### PARTIES

1. Plaintiff, Scott E. Wingard ("Plaintiff") is an adult individual who, at all times pertinent hereto, resided at 214 S. Mercer Street, Greenville, Mercer County, Pennsylvania 16125.

2. Defendant, The United States of America, acting by and through the United States Postal Service, ("Defendant") is a federal agency which, at all times pertinent hereto, maintained a principal place of business located at D-5 Clinton Street, Greenville, Mercer County, Pennsylvania 16125.

3. At all times pertinent hereto, Defendant was acting by and through its authorized agents, servants, employees, and representatives, including but not limited to Louanna M. Stevenson ("Stevenson"), who were then and there acting within the course and scope of their

employment with, in furtherance of the business of, and for the economic gain and benefit of Defendant.

4. At the time of the collision referenced below, the United States Postal Service was and is a governmental unit of the United States of America whose employees were performing a government function for which sovereign immunity was waived pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq.

## JURISDICTION AND VENUE

5. The instant action arises under the Federal Tort Claims Act, 28 U.S.C. §2671, et seq. and 28 U.S.C. §1346(b) for monetary damages as compensation for loss of property, personal injuries, loss of income and employment benefits, and other damages that were the sole, direct, proximate, factual, and legal result of the negligence, carelessness, recklessness, and negligence per se of Defendant, acting by and through Stevenson and the United States Postal Service, while she was acting within the course and scope of her employment with Defendant.

6. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1331 as the instant action arises under the Constitution and laws of the United States of America; under 28 U.S.C. §1339, as the instant action arises under Acts of Congress relating to Defendant; and under 39 U.S.C. §401(1) and §409(a), as the instant action is against the United States of America acting by and through the United States Postal Service.

7. Venue in this Honorable Court is proper in accordance with the provisions of 28 U.S.C. §1391, in that all the claims set forth herein arose in the Western District of Pennsylvania.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff has exhausted his administrative remedies as evidenced by the April 15, 2021 letter from the Defendant indicating that it had six months from March 2, 2021 to adjudicate

Plaintiff's claim. A copy of that letter is attached hereto as Exhibit A and is incorporated herein by reference.

9. In accordance with Exhibit A, Defendant had until September 2, 2021 to adjudicate Plaintiff's claim which it failed to do.

10. It was not until November 29, 2021 that Defendant finally extended a settlement offer to Plaintiff which offer was unreasonably low and did not reflect the true value of Plaintiff's case.

11. Defendant's failure to timely adjudicate Plaintiff's claim and failure to extend a reasonable settlement offer are deemed by Plaintiff to be a final denial pursuant to 28 U.S.C. §2675.

## STATEMENT OF FACTS

12. All the events which give rise to the instant litigation occurred on and/or after November 15, 2019.

13. At all times pertinent hereto, Plaintiff was the owner and operator of a silver 2013 Jeep Compass bearing Pennsylvania license plate #KVV-0354 ("Plaintiff's Vehicle").

14. At times pertinent hereto, Defendant, acting by and through Stevenson and the United States Postal Service, was the owner and operator of a 1992 Grumman mail carrier vehicle bearing unit #2212978 ("Defendant's Vehicle").

15. On November 15, 2019 at approximately 4:59 p.m. Plaintiff was lawfully, carefully, and prudently operating Plaintiff's Vehicle eastbound on Reynolds Industrial Park Road in Pymatuning Township, Mercer County, Pennsylvania.

16. On November 15, 2019 at approximately 4:59 p.m. Defendant, acting by and through Stevenson and the United States Postal Service, was negligently, carelessly, and recklessly

operating Defendant's Vehicle northbound on Brentwood Drive at its intersection with Reynolds Industrial Park Road ("Intersection").

17. As Plaintiff was approaching the Intersection with the right of way, Defendant, acting by and through Stevenson and the United States Postal Service, suddenly and without any warning pulled directly into the path of Plaintiff's Vehicle thereby causing a violent collision with Plaintiff's Vehicle ("Collision").

18. Because of the violent and devastating nature and force of the Collision, Plaintiff's Vehicle sustained severe and disabling damage to its front and wheel well area and was ultimately declared a total loss.

19. Because of the violent and devastating nature and force of the Collision, Defendant's Vehicle suffered severe and disabling damage to its driver's side front bumper, fender, and wheel well area.

20. At the time of the Collision, the weather was clear; the road surface was straight, level, and dry; the headlights on Plaintiff's Vehicle were illuminated and, therefore, Defendant, acting by and through Stevenson and the United States Postal Service, saw or should have seen Plaintiff's Vehicle in sufficient time to avoid the Collision.

21. Plaintiff believes that because of the actions of Defendant, acting by and through Stevenson and the United States Postal Service, the investigating police officer from the Pymatuning Township Police Department determined that Stevenson had violated one or more sections of the Pennsylvania Motor Vehicle Code, including but not limited to 75 PA C.S.A. §3323B which, at a minimum, constitutes a reckless disregard for the rights and safety of third parties, including Plaintiff.

22.     Plaintiff believes that the actions of Defendant, acting by and through Stevenson and the United States Postal Service, also constitutes a violation of 75 Pa. C.S.A. §3714 which further constitutes a reckless disregard for the rights and safety of third parties, including Plaintiff.

23.     Immediately following the Collision, Stevenson, acting by and through Defendant and the United States Postal Service, acknowledged that the Collision was her fault.

24.     As a sole, direct, proximate, factual, and legal result of Defendant's negligence, carelessness, and recklessness, acting by and through Stevenson and the United States Postal Service as set forth herein, Plaintiff has suffered the following severe and serious personal injuries, all of which are or may be permanent in nature:

    a.    Acute pain of right hip and thigh;

    b.    A closed, displaced, comminuted fracture of the shaft of his right femur which required surgical correction;

    c.    Persistent pain, weakness, and limitations in his right knee which required surgery;

    d.    Persistent antalgic gait;

    e.    Persistent right shoulder pain;

    f.    Acute pain in his cervical, thoracic, and lumbar regions;

    g.    Traumatic arthritis;

    h.    Severe and serious internal injuries, including injuries to various muscles, tissues, ligaments, blood vessels, arteries, and bones in his body;

    i.    Bruises and contusions;

    j.    Shock and injuries to his nerves and nervous system; and

    k.    Other severe and serious injuries that will be more specifically defined in Plaintiff's medical and hospital records and by his treating physicians.

25.     As a sole, direct, proximate, factual, and legal result of Defendant's negligence, carelessness, and recklessness, acting by and through Stevenson and the United States Postal

Service as set forth herein, Plaintiff has suffered the following severe and serious damages, losses, and harm, all of which are or may be permanent in nature:

    a.    Significant weakness and impaired mobility, dexterity, flexion, and extension in his right lower extremity;

    b.    Difficulty sleeping, sitting, standing, stretching, bending, and/or kneeling;

    c.    Severe irritability, emotional distress, anxiety, and fatigue;

    d.    Difficulty performing his normal activities of daily living;

    e.    Difficulty looking over shoulder;

    f.    Pain, aching, and stiffness throughout his body, most severe in his right lower extremity;

    g.    "Clicking," "Popping," and "Catching" in his right knee while walking;

    h.    He walks with a significant and obvious limp;

    i.    He is required to use a cane to get up and walk;

    j.    He has suffered and will continue to suffer severe physical pain, anxiety, depression, embarrassment, humiliation, emotional distress, mental anguish, inconvenience, and a loss of life's pleasures;

    k.    He has been and will continue to be obligated to receive and undergo medical attention, care, and treatment and has spent and will continue to spend significant sums of money to restore his health;

    l.    He has already undergone four surgical procedures and, in the future, may be required to undergo additional surgical procedures;

    m.    He has suffered and continues to suffer from injuries that effect his ability to engage in his normal daily activities and otherwise enjoy life;

    n.    He has been adjudicated to be permanently physically impaired and disabled based on an assessment performed by the United States of America by and through the Social Security Administration:

    o.    He has suffered significant, unsightly, and at times painful scaring and physical impairment;

    p.    He has lost the employment career he loved;

q. He has lost and will continue to lose a significant amount of wages, employment benefits, and other compensation;

r. His earning capacity and power have been permanently impaired;

s. His general health, strength and vitality have been greatly impaired, thereby depriving him of the normal joys of life; and

t. He has suffered other severe and significant damages, losses, and harm that will be more specifically defined in Plaintiff's medical and hospital records and by his treating physicians.

26. Plaintiff believes that liens are and/or may be asserted against any recovery he makes in the instant action.

## COUNT I

## PLAINTIFF VS DEFENDANT

## NEGLIGENCE, CARELESSNESS, RECKLESSNESS, AND NEGLIGENCE PER SE

27. Plaintiff incorporates herein by reference as though fully set forth at length Paragraphs 1 through 26 above.

28. The Collision, and all of Plaintiff's severe, serious, and potentially permanent injuries, damages, losses, and harm were the sole, direct, proximate, factual, and legal result of the negligence, carelessness, recklessness, and negligence per se of Defendant, acting by and through Stevenson and the United States Postal Service, generally and in the following particulars:

a. In operating Defendant's Vehicle in a careless, reckless, and negligent fashion;

b. In failing to have Defendant's Vehicle under proper control;

c. In ignoring and/or failing to obey posted traffic signs;

d. In driving too fast for condition;

e. In failing to operate Defendant's Vehicle in a careful, prudent and reasonable manner to avoid the Collision;

f. In failing to take sufficient evasive action to avoid the Collision;

g. In failing to stop Defendant's Vehicle when she knew or, in the exercise of reasonable care and diligence, should have known the Collision would occur if she proceeded under the circumstances;

h. In operating Defendant's Vehicle in the manner she did when she knew or, in the exercise of reasonable care and diligence, should have known that further operation of Defendant's Vehicle in that manner would result in the Collision;

i. In failing to operate Defendant's Vehicle with due care and regard for the rights, safety, and position of the public, including but not limited to Plaintiff and Plaintiff's Vehicle;

j. In failing to stop Defendant's Vehicle before the Collision;

k. In failing to maintain a proper lookout and watch where she was driving;

l. In failing to observe, notice, and avoid Plaintiff's Vehicle;

m. In failing to yield the right-of-way to Plaintiff's Vehicle;

n. In colliding with Plaintiff's Vehicle thereby causing the Collision;

o. In failing to signal, sound her horn or otherwise give warning of her approach;

p. In failing to use her headlights, marker lights, turn signals, and/or emergency lights to give warning of her approach;

q. In failing to avoid an open, obvious, and known danger;

r. In failing to possess the requisite level of education, training, skill, and experience necessary to safely operate Defendant's Vehicle; and

s. In negligently violating various laws, statutes, ordinances, and provisions of the Pennsylvania Motor Vehicle Code relating to the safe operation of motor vehicles which constitutes negligence per se.

29. The Collision, and all of Plaintiff's severe, serious, and potentially permanent injuries, damages, losses, and harm were the sole, direct, proximate, factual, and legal result of the negligence, carelessness, recklessness, and negligence per se of Defendant, acting by and through the United States Postal Service, generally and in the following particulars:

   a. In allowing Stevenson to operate Defendant's Vehicle in a careless, reckless, and negligent fashion;

   b. In failing to require and ensure that Stevenson operated Defendant's Vehicle under proper control;

   c. In failing to require and ensure that Stevenson obeyed all posted traffic signs;

   d. In failing to require and ensure that Stevenson operated Defendant's Vehicle at a speed that was not too fast for conditions;

   e. In failing to require and ensure that Stevenson operated Defendant's Vehicle in a lawful, careful, prudent, and reasonable manner to avoid the Collision;

   f. In failing to require and ensure that Stevenson took sufficient evasive action to avoid the Collision;

   g. In failing to require and ensure that Stevenson stopped Defendant's Vehicle when she knew or, in the exercise of reasonable care and diligence, should have known the Collision would occur if she proceeded under the circumstances;

   h. In allowing Stevenson to operate Defendant's Vehicle in the manner she did when she knew or, in the exercise of reasonable care and diligence, should have known that further operation of Defendant's Vehicle in that manner would result in the Collision;

   i. In failing to require and ensure that Stevenson operated Defendant's Vehicle with due care and regard for the rights, safety, and position of the public, including but not limited to Plaintiff and Plaintiff's Vehicle;

   j. In failing to require and ensure that Stevenson stopped Defendant's Vehicle before the Collision;

   k. In failing to require and ensure that Stevenson maintained a proper lookout and watch where she was driving;

- l. In failing to require and ensure that Stevenson observed, noticed, and avoided Plaintiff's Vehicle;

- m. In failing to require and ensure that Stevenson yielded the right-of-way to Plaintiff's Vehicle;

- n. In allowing Stevenson to collide with Plaintiff's Vehicle thereby causing the Collision;

- o. In failing to require and ensure that Stevenson signaled, sounded her horn or otherwise gave warning of her approach;

- p. In failing to require and ensure that Stevenson used her headlights, marker lights, turn signals, and/or emergency lights to give warning of her approach;

- q. In failing to require and ensure that Stevenson avoided an open, obvious, and known danger;

- r. In failing to possess require and ensure that Stevenson possessed the requisite level of education, training, skill, and experience necessary to safely operate Defendant's Vehicle; and

- s. In negligently allowing Stevenson to violate various laws, statutes, ordinances, and provisions of the Pennsylvania Motor Vehicle Code relating to the safe operation of motor vehicles which constitutes negligence per se.

30. As a sole, direct, proximate, factual, and legal result of Defendant's negligence, carelessness, recklessness, and negligence per se, acting by and through Stevenson and the United States Postal Service as aforesaid, Plaintiff has suffered and will continue to suffer from the aforementioned severe, serious, and permanent injuries, damages, losses, and harm.

WHEREFORE, Plaintiff, Scott E. Wingard, demands judgment in his favor and against Defendant, the United States of America by and through the United States Postal Service, in an amount in excess of $75,000, together with interest, costs, reasonable attorneys' fees, and such other relief as this Honorable Court deems appropriate.

Respectfully Submitted,

By: _____
GEORGE R. FARNETH II, ESQUIRE,
**THE FARNETH LAW GROUP, LLC**
*Attorneys for Plaintiff,*
*Scott E. Wingard*