IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT E. WINGARD,                )
                                 )
          Plaintiff,             )   2:21-CV-1738
                                 )
     v.                          )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
          Defendant.             )

## MEMORANDUM ORDER

Before the Court are motions *in limine* filed by Plaintiff Scott Wingard [ECF 55, ECF 56] and Defendant United States of America ("Post Office") [ECF 57, ECF 67]. The Court issues this omnibus order resolving the motions as follows.

**I.   PLAINTIFF'S MOTIONS**

   **A. Plaintiff's motion *in limine* regarding Plaintiff's driving record [ECF 55].**

The motion is **DENIED**. The Post Office does not intend to offer Mr. Wingard's driving history into evidence except for the limited purpose of establishing that Mr. Wingard was involved in a prior accident, from which he suffered injuries. To the extent Mr. Wingard raises any objections to that evidence, they are overruled because that limited evidence is relevant to the Post Office's defense and so is permissible.

   **B. Plaintiff's motion *in limine* regarding duplicative expert testimony [ECF 56].**

The motion is **DENIED** without prejudice. Mr. Wingard challenges the relevance of testimony from one of the Post Office's experts—Dr. Richard Kaplan, a pain and rehabilitation specialist—under Rule 403 because it is duplicative of testimony from two other experts: Dr. William Abraham, an orthopedic surgeon, and Mark Kerestan, a physical therapist. However, the Court finds that the Rule 403

balance does not favor exclusion of this evidence, at least at this juncture. Each of the Post Office's witnesses is a different specialist with different expertise. The Post Office has demonstrated that it will rely on these experts to answer different questions related to Mr. Wingard's various medical injuries, each of which requires analysis as to their causation, permanence, severity, prognosis, and impact on Mr. Wingard's quality of life and ability to work. Therefore, the Court finds this evidence to be relevant, and doesn't find that it is so cumulative as to warrant exclusion. The Court is not inclined to exclude testimony that will assist it at trial. *Habecker v. Copperloy Corp.*, 893 F.2d 49, 52 (3d Cir. 1990) (noting the Third Circuit's "liberal policy of admitting expert testimony which will aid the trier of fact").

Accordingly, the Court will deny Mr. Wingard's motion without prejudice and will permit Dr. Kaplan to testify. Mr. Wingard may raise his motion again at trial if it turns out that Dr. Kaplan's testimony becomes excessively duplicative at that time.

## II.  DEFENDANT'S MOTIONS

### A.  Defendant's motion *in limine* to limit testimony of Dr. Gentile [ECF 57].

The motion is **GRANTED** in part and **DENIED** in part. The Post Office alleges Dr. John Gentile's expert report fails to meet the requirements of Federal Rule of Civil Procedure 26 because it does not disclose the basis for his conclusions that the automobile accident in this case was the cause of Mr. Wingard's shoulder pain. The Post Office also challenges Dr. Gentile's testimony under Federal Rules of Evidence 702 and 703 for failing to apply a reliable methodology for his conclusions as to Mr. Wingard's shoulder pain and the cost of a knee replacement, and for failing

to rule out alternative causes as to Mr. Wingard's shoulder pain. The Court addresses each objection in turn.

> **1. Though potentially deficient under Federal Rule of Civil Procedure 26, Dr. Gentile's expert report will not preclude his testimony.**

The purpose of the rules governing expert reports is "the elimination of unfair surprise to the opposing party and the conservation of resources." *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996) (citation omitted). An expert report must include, among other things, a "complete statement of all opinions that will be expressed at trial and the reasons and basis for the opinion." *Id.* at 428. "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Peronis v. United States*, No. 16-1389, 2018 WL 4740170, at *6 (W.D. Pa. Oct. 2, 2018) (Fischer, J.) (cleaned up).

To provide a basis for his opinions as to the cause of Mr. Wingard's knee injury, Dr. Gentile's expert report states that femoral fractures of the kind Mr. Wingard sustained are "typically high energy injuries and commonly seen from higher speed motor vehicle accidents . . . and certainly is consistent with [Mr. Wingard's] report of an automobile accident as the cause." ECF 58-7, p. 1. Dr. Gentile's report does not provide a similar basis as to Mr. Wingard's shoulder injury, but states "within a reasonable degree of medical certainty" that Mr. Wingard's injuries "are directly related to the automobile accident." *Id.* at 2. Then, at his deposition, Dr. Gentile testified that (1) Mr. Wingard was referred to him by Dr. Adrian Butler, the primary physician who treated Mr. Wingard and who is one of Dr. Gentile's partners, for the purpose of treatment, and (2) Dr. Gentile based his conclusion that Mr. Wingard's shoulder injury was caused by the crash on Mr. Wingard's complaints of pain

following the crash and the medical notes of Dr. Butler. ECF 62-1, p.10, 30:3-6; p. 18, 63:15-64:22.

Dr. Gentile's testimony clarifies the basis for his conclusion that the car accident caused Mr. Wingard's shoulder pain, even if his expert report is deficient in that respect. But even assuming that Dr. Gentile's expert report fails to satisfy the requirements of Rule 26, exclusion of that testimony would still not be an appropriate sanction because any violation of the rule is harmless. In this regard, the Court considers the factors in *Nicholas v. Pennsylvania State University* to assess a party's failure to abide by the disclosure requirements of Rule 26: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation. 227 F.3d 133, 148 (3d Cir. 2000).

Here, there is no surprise or prejudice to the Post Office because Dr. Gentile testified at his deposition as to the basis of his opinion on Mr. Wingard's shoulder pain. *See Reed*, 165 F.R.D. at 430 ("Nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion."). Dr. Gentile's testimony will also not disrupt an orderly and efficient trial because Dr. Gentile will already testify as to the treatment of Mr. Wingard's knee pain. And the Court does not see any bad faith on the part of Mr. Wingard on this matter. The Court therefore will not preclude Dr. Gentile's opinions as to shoulder pain on the basis of Rule 26.

### 2. Dr. Gentile's opinions are not precluded under Federal Rules of Evidence 702 and 703.

The Post Office next argues Dr. Gentile's opinions must be excluded because he did not base them on a reliable methodology, did not rule out alternative causes,

and merely repeated the conclusions of Dr. Butler. None of these arguments is well taken.

First, Dr. Gentile's methodology is reliable. Rule 703 permits an expert to form an opinion based on facts or data of which he was made aware. Fed. R. Evid. 703. An expert may do so even if the underlying facts are not admissible, as long as they are of the kind that experts in the particular field would reasonably rely on. *Id.* Rule 703 specifically contemplates "experts relying on reports and opinions from nurses, technicians, and other doctors, hospital records, and X rays." *Feld v. Primus Techs. Corp.*, No. 12-1492, 2015 WL 1932078, at *2 (M.D. Pa. Apr. 28, 2015) (quoting Fed. R. Evid. 703 Advisory Committee's Notes).

Second, the failure to rule out all alternative causes is not a basis to exclude expert testimony. *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 156 (3d Cir. 1999) ("A medical expert's causation conclusion should not be excluded because he or she has failed to rule out every possible alternative cause of a plaintiff's illness. . . . Obvious alternative causes need to be ruled out." (citation omitted)).

Third, Dr. Gentile's reliance on Dr. Butler's conclusions is more of a weight issue than an admissibility one. At his deposition, Dr. Gentile testified he has expertise in shoulder injuries, as he specializes in trauma and joint reconstruction, including for shoulders. ECF 62-1, p. 4, 5:9-7:19. He reviewed the medical opinions of Dr. Butler in reaching his conclusions about Mr. Wingard's shoulder, which is permissible under Rule 703. *Id.* at 18, 63:16-64:16. Additionally, Dr. Gentile testified that he based his conclusion on Mr. Wingard's complaints of "new pain" after the accident, such that he ruled out prior injuries as the cause of Mr. Wingard's shoulder pain in this case. *Id.* at 19, 66:2-67:10. The Post Office is free to challenge Dr. Gentile's conclusions on cross-examination. *See Hunter v. Kennedy*, No. 17-7, 2020 WL 3980414, at *3 (M.D. Pa. July 14, 2020) ("[Medical doctor expert] indicates that he reviewed the medical records and has provided his opinions 'to a reasonable degree

of medical certainty.' If at trial he does not testify as to a reasonable degree of medical certainty, Defendants may object. However, no cause exists for precluding the evidence at this point. Dr. Medrek's opinions may best be challenged through vigorous cross examination or presenting counter-evidence." (cleaned up)).

### 3. Dr. Gentile's conclusions as to cost of surgery are inadmissible.

The Post Office also challenges Dr. Gentile's conclusions on the cost of a knee replacement for Mr. Wingard. Dr. Gentile has offered no basis to conclude his opinion was based on a reliable methodology, as he admitted he lacked expertise as to surgery costs and reached his conclusion based solely on an internet search. ECF 62-1, p. 27, 99:24-100:13. Accordingly, that testimony is excluded.

### B. Defendant's motion *in limine* to preclude testimony of Dr. Butler [ECF 67].

Finally, the Post Office asks this Court to preclude the testimony of Dr. Adrian Butler, who initially treated Mr. Wingard and who is a partner with Dr. Gentile. The Court **DENIES** the motion.

"In the Third Circuit, treating physicians' opinions on prognosis and causation are inherently expert testimony." *Rowland v. Novartis Pharms. Corp.*, 9 F. Supp. 3d 553, 566 (W.D. Pa. 2014) (Hornak, C.J.). But "[t]he plain language of Rule 26(a)(2)(A) explicitly limits the expert report requirement to individuals 'retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.'" *Pease v. Lycoming Engines*, No. 10-843, 2012 WL 162551, at *13 (M.D. Pa. Jan. 19, 2012) (quoting Fed. R. Civ. P. 26(a)(2)(B)). The relevant inquiry for whether a party retained or employed a treating physician for expert testimony is "whether the treating physician acquired his opinion as to the cause of the plaintiff's injuries directly through his treatment of the

plaintiff." *Donaldson v. Lensbouer*, No. 15-63, 2017 WL 5634130, at *7 (W.D. Pa. Nov. 21, 2017) (Gibson, J.) (cleaned up).

Mr. Wingard disclosed Dr. Butler as a treating physician in both initial disclosures and interrogatories. ECF 73, p. 5. The Post Office obtained Dr. Butler's records pertaining to his treatment of Mr. Wingard during discovery. *Id.* Though the Post Office opted not to depose Dr. Butler, Dr. Gentile testified extensively about Dr. Butler's treatment of Mr. Wingard. ECF 62-1, p. 8, 22:8-23; p. 9, 25:10-18; p. 10, 29:1-31:25. There is no evidence from either party that Dr. Butler was retained for the specific purpose of providing his expert opinion. Thus, the expert reporting requirements do not apply to Dr. Butler.

The Post Office nonetheless contests Dr. Butler's testimony as otherwise unreliable. That's beside the point. As a treating physician, he can testify "as to personal knowledge [he] gained from [his] examinations" of Mr. Wingard, including examinations, diagnoses, course of treatment, and prognosis based on his observations in the course of Mr. Wingard's treatment. *Rowland*, 9 F. Supp. 3d at 566.[1]

********************

Dated: November 21, 2022

BY THE COURT:

/s/ *J. Nicholas Ranjan*
J. Nicholas Ranjan
United States District Judge

---

[1] Additionally, the Court does not see any unfair prejudice to the Post Office in light of Mr. Wingard's early disclosure of Dr. Butler as one of Mr. Wingard's treating physicians, and the Post Office's choice not to depose him.