IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT E. WINGARD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 21-cv-1738 |
| | ) | |
| v. | ) | JUDGE J. NICHOLAS RANJAN |
| | ) | |
| UNITED STATES OF AMERICA, | ) | *(Electronically Filed)* |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S AMENDED MOTION FOR SANCTIONS PURSUANT TO RULES 11 AND 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

AND NOW, comes Plaintiff, Scott E. Wingard, by and through his attorneys, George R. Farneth II, Esquire and The Farneth Law Group, LLC, and files this Amended Motion for Sanctions Pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure, averring as follows:

**INTRODUCTORY STATEMENT**

Plaintiff anticipates that Defendant will argue that this Amended Motion is, at least in part, procedurally defective because Plaintiff did not notify Defendant of its intent to file a Motion for Sanctions at least 21 days in advance. While Plaintiff acknowledges that Rule 11(c)(2) contains such a requirement, he respectfully submits that Defendant is missing the big picture. The purpose of the 21-day notice period is to afford, in this case, Defendant an opportunity to correct its challenged action before the Motion is filed. A careful review of this Amended Motion reveals that Plaintiff gave Defendant multiple opportunities to correct its sanctionable conduct; however, Defendant repeatedly refused to do so. Moreover, once the trial was concluded, there was simply no way for Defendant to correct its sanctionable conduct.

Therefore, Plaintiff's failure to serve Defendant with the Amended Motion at least 21 days before it was filed is, at most, harmless error that should be excused.

Plaintiff also anticipates that defendant will argue that Rule 11 does not apply to the issues raised in this Amended Motion. Such a contention would not be true. Clearly Rule 11 does apply to pleadings and throughout this Amended Motion Plaintiff demonstrates how Defendant's Answer (ECF Doc. 11, Plaintiff's Ex. 19) violates Rule 11.

Plaintiff also anticipates Defendant will, once again, attempt to excuse its sanctionable conduct by relying on the same scandalous and impertinent allegations it included in its Response to Plaintiff's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure (ECF Doc. 126)[1] to suggest it had a reasonable basis to contest liability. However, it is undisputed that those scandalous and impertinent allegations were never disclosed in Defendant's Initial Disclosures or in its Discovery Responses.[2] Plaintiff respectfully submit that Defendant's attempts to excuse its sanctionable conduct such fall on deaf ears.

## MOTION FOR SANCTIONS

1.      Plaintiff commenced the instant action to recover for injuries, damages, losses, and other harm he suffered as a result of an automobile accident that occurred on November 15, 2019.

2.      On the day of the accident, its own investigation unequivocally established that Defendant, by and through the conduct of its employee, Louanna Stevenson, was the sole cause of the accident.

---

[1] Some of those scandalous and impertinent allegations constitute a waiver of the attorney-client privilege.
[2] Plaintiff incorporates herein by reference as though fully set forth herein his Reply to Defendant's Response to Plaintiff's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure (ECF Doc. 127)

3. In the days following the accident, Defendant sought and received additional evidence in the form of the Commonwealth of Pennsylvania Police Crash Report Form and the statement of an eyewitness, Tom Hoovler, which confirmed that Ms. Stevenson was indeed the sole cause of the accident.

4. In fact, all the evidence generated in discovery, most of which Defendant generated through its own accident investigation and had in its possession on the day of or within a few days after the accident, unequivocally established that Defendant, by and through the conduct of Ms. Stevenson, was the sole cause of the accident.

5. In addition, there was and is absolutely no evidence to suggest, let alone prove, that Plaintiff did anything to cause or contribute in any way to the accident.

6. Despite its own accident investigation which is referenced below, in its Answer (ECF Doc. 11, Plaintiff's Ex. 19) Defendant not only brazenly and falsely denied liability for the accident, but it also denied various facts averred in Plaintiff's Complaint (ECF Doc. 1, Plaintiff's Ex. 18), including how and why the accident occurred and that Defendant's employee was solely at fault for causing the accident (Complaint at paragraphs 1-4, 8, 9, 12-14, 16-21, and 23).

7. As discovery and the evidence that was introduced at trial have unequivocally proven, on the day of the accident or at most within a few days after the accident, Defendant knew the factual averments in the Complaint were true and should have been admitted. (ECF Doc 77 and Doc 80)

8. In addition to denying various facts it absolutely knew to be true, in its Answer Defendant also plead the following affirmative defenses, some of which unbelievably attempted to blame Plaintiff for the accident even though Defendant and his counsel knew it was not Plaintiff's fault:

1. The Court lacks subject-matter jurisdiction.

2. The Plaintiff has failed to fully and finally exhaust his administrative remedies and/or file timely administrative Complaints prior to the commencement of this lawsuit. Plaintiff is therefore barred from recovery.

3. Plaintiff's claim is barred by the applicable statute of limitations.

4. Plaintiff has failed to state a claim upon which the relief can be granted.

5. Defendant did not fail to discharge any duty that it owed, or may have owed, to Plaintiff.

6. The alleged injuries and damages were not proximately caused by a negligent, careless, or wrongful act or omission of the Defendant, and Plaintiff is therefore barred from recovery.

7. Plaintiff's own negligence is the sole and/or contributory cause of the occurrence set forth in the Amended Complaint. Therefore, Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory/comparative negligence.

8. Plaintiff assumed the risk of the occurrence set forth in the Complaint, and Plaintiff is therefore barred from recovery.

9. Defendant acted with due care and diligence at all relevant times.

10. The acts of others, including but not limited to Plaintiff, and not Defendant were the sole and proximate intervening and/or superseding cause of the occurrence set forth in Plaintiff's Complaint, and Plaintiff is therefore barred from recovery.

11. Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. Attorney's fees are taken out of any judgment or settlement and are governed by the applicable statute. 28 U.S.C. § 2678.

12. Plaintiff is prohibited from claiming or recovering an amount in excess of that set forth in the administrative claim. 28 U.S.C. § 2675(b).

13. Plaintiff is not entitled to an award of pre-judgment interest. 28 U.S.C. § 2674.

14. Any recovery is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).

15. Pursuant to 42 Pa. Cons. Stat. § 7102 (West 2011), Plaintiff cannot recover from Defendant as Plaintiff's fault and negligence in causing the alleged fall is greater than the negligence, if any, of Defendant.

16. Pursuant to 42 Pa. Cons. Stat. § 7102 (West 2011), Plaintiff's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing the alleged accident.

17. Defendant has or may have additional affirmative defenses which are unknown at this time, but which may be ascertained through discovery. Defendant specifically preserves herein those and other affirmative defenses.

18. Pursuant to 28 U.S.C. § 2412 (d)(1)(A), Plaintiff cannot recover a separate award for attorney's fees from the United States of America.

19. Some or all of Plaintiff's medical treatment following the accident was unnecessary and/or unreasonable.

20. Plaintiff's alleged damages were caused by pre-existing injuries or conditions, or were caused by a subsequent accident or incident.

21. Defendant discharged any duty it may have owed Plaintiff.

22. Plaintiff has failed to mitigate his damages, and thus his recovery, if any, should be reduced accordingly.

9. In affirmative defense number 15, which Defendant apparently cut and pasted from another pleading, Defendant referenced a fall that never occurred in this case and yet it never corrected that mistake or withdrew that affirmative defense.

10. At no time prior to trial did Defendant withdraw any of its other affirmative defenses.

11. In fact, the only pretrial concession Defendant made was that it "would not vigorously contest liability" which, given Defendant's refusal to admit liability, left Plaintiff to reasonably believe that he would have to prove liability at trial.

12. During the trial, Defendant failed to provide any testimony or evidence relating to affirmative defense numbers 1-10, 15-16, and 19-21.

13. The reason Defendant failed to provide any testimony or evidence relating to affirmative defense numbers 1-10, 15-16, and 19-21 is because it undeniably knew before it filed its Answer that those affirmative defenses were not applicable to this case and further knew that, under Rule 11 of the Federal Rules of Civil Procedures, they should not have been plead.

14. After receiving Defendant's Answer and before the parties engaged in any discovery, Plaintiff's counsel asked defense counsel if Defendant planned to admit liability.

15. In response, defense counsel advised Plaintiff's counsel that Defendant has a policy of not admitting liability in any case so it would not be admitting liability in this case.

16. As a result of Defendant denying facts it knew to be true and should have admitted, refusing to admit liability, by pleading numerous affirmative defenses it knew were not accurate or applicable to this case, and by refusing to withdraw affirmative defenses it knew were erroneous and/or inapplicable, Defendant forced Plaintiff and his counsel to waste time and money taking discovery on those facts and defenses and addressing them prior to and during the trial.

17. Specifically, Plaintiff addressed those facts and defenses in written discovery it served and by taking the depositions of two of Defendant's employees, Jennifer Sarcinella and Lynsie McElhinny whose depositions would not have otherwise been necessary.

18. When Defendant served its Responses to Plaintiff's Revised First Set of Requests for Production of Documents on August 17, 2022 and produced the documents responsive to those discovery requests, Plaintiff learned, for the first time, that on the day of the accident Ms. Sarcinella and Ms. McElhinny went to the accident scene to secure the scene and conduct an accident investigation which a few days later included obtaining a copy of the Commonwealth of

Pennsylvania Police Crash Report Form and the written statement of Mr. Hoovler, both of which confirmed that Ms. Stevenson was the sole cause of the subject accident.

19. Despite knowing that Ms. Sarcinella, Ms. McElhinney, and Mr. Hoovler had knowledge and information relating to the accident, in its Responses to Plaintiff's First Set of Interrogatories (Plaintiff's Ex. 20) that were served on March 3, 2022, Defendant failed to disclose Ms. McElhinney and misrepresented Ms. Sarcinella's role with respect to the accident and Defendant's post-accident investigation (Interrogatory #1).

20. Defendant also refused to admit or concede that the accident was the fault of its employee, Louanna M. Stevenson (Interrogatory #10) even though Defendant knew that was indeed the case.

21. Even though within a few days after the accident Defendant had in its possession all the evidence it needed to unequivocally conclude Ms. Stevenson was the sole cause of the accident, at the end of its Response to Interrogatory #10, Defendant stated: "Subject to and without waiver of its objections, Defendant states that the investigation and discovery are continuing and this response will be supplemented as new evidence is discovered and as new information is obtained."

22. Plaintiff respectfully submits that following its service of those discovery responses Defendant did not conduct any further investigation into the liability aspect of the case and it certainly did not produce any additional information or documentation that did not exist prior to the service of its discovery responses.

23. Further, despite knowing that Ms. Sarcinella, Ms. McElhinney, and Mr. Hoovler all had knowledge and information relating to the accident, in its Initial Disclosures (Plaintiff's Ex. 20) that were served on March 23, 2022, Defendant failed to identify any of them and failed

to disclose the accident investigation they conducted or identify and produce any of the investigation-related documents they generated and/or compiled even though they had been in existence since a few days after the accident.

24. Although Defendant reserved the right to supplement its Initial Disclosures, it never did.

25. To date, Defendant has not provided any explanation, let alone a reasonable one, for the extreme deficiencies in its Initial Disclosures.

26. To make matters worse, in its Responses to Plaintiff's First Set of Requests for Admissions (Plaintiff's Ex. 20) that were served on March 8, 2022, Defendant admitted it did not have any evidence to support its affirmative defense numbers 1, 2, 3, 4, and 8, and claimed it had "made reasonable inquiry with respect to the information currently in its possession but the information currently in our possession is insufficient to enable Defendant to admit or deny" the requests relating to affirmative defense numbers 5, 6, 7, 9, 10, 17, 19, 20, and 22.

27. Based on the evidence we now know Defendant had in its possession prior to the service of those discovery responses, its responses regarding affirmative defense numbers 5, 6, 7, 9, 10, 17, 19, 20, and 22 were unequivocally false.

28. Moreover, despite having an ongoing obligation to supplement its discovery responses, Defendant never amended any of its erroneous discovery responses.

29. Despite knowing Plaintiff did nothing to cause or contribute to the accident, during Plaintiff's deposition on August 9, 2022, defense counsel spent a considerable amount of time asking him questions regarding his driving record, including prior citations he received, none of which was in any way relevant to this case.

30.	After the close of discovery and well before trial, Plaintiff's counsel again asked defense counsel if Defendant planned to admit liability.

31.	Defense counsel again advised that Defendant would not admit liability.

32.	Because of Defendant's refusal to admit liability, Plaintiff had no choice but to be prepared to prove liability at trial which would have required him to call four separate witnesses to testify at trial.

33.	In addition to Ms. Sarcinella and Ms. McElhinny, Plaintiff also planned to call Mr. Hoovler and the investigating police officer, Officer Charles Snider, who each had to be served with subpoenas and paid the requisite witness fee and mileage expense.

34.	Once defense counsel learned that Plaintiff intended to call four witnesses, including Ms. Sarcinella and Ms. McElhinny, to testify regarding liability, counsel for the parties began discussing the possibility of entering into stipulations regarding how Ms. Sarcinella and Ms. McElhinny would testify so that they would not have to appear in court to testify.

35.	Ultimately, the parties agreed to stipulations regarding the investigation conducted by and the testimony of Ms. Sarcinella (ECF Doc 77) and Ms. McElhinny (ECF Doc 80) both of which were admitted into evidence at trial and both of which unequivocally establish the facts averred in the Complaint were true, the sole cause of the accident was the conduct of Ms. Stevenson, who failed to stop for a posted stop sign and, in the process, drove directly into the path of Plaintiff's vehicle, and that before its Answer was filed, Defendant unequivocally knew affirmative defense numbers 1-10, 15-16, and 19-21 were erroneous and inapplicable, including the fact that Plaintiff had not done anything to cause or contribute to the accident.

36.	In fact, a careful review of the evidence Defendant had in its possession when it filed its Answer leads to the undeniable conclusion that it not only had no facts or evidence to

support affirmative defense numbers 1-10, 15-16, and 19-21, but it had clear and convincing evidence to establish that those affirmative defenses were false and should not have been plead in the first place.

37.     Rule 11 of the Federal Rules of Civil Procedure provides:

"Representations to the Court.   By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) It is not being presented for any improper purpose, such as to cause unnecessary delay, or needlessly increase the cost of litigation;

(2) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivilous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

38.     Defendant's actions relative to its Answer as set forth above undeniably constitute multiple violations of Rule 11 of the Federal Rules of Civil Procedure which warrants the imposition of sanctions.

39.     Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action… For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond… If the motion is granted or if the disclosure or

requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust… A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure… If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that **(A)** the request was held objectionable pursuant to Rule 36(a), or **(B)** the admission sought was of no substantial importance, or **(C)** the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or **(D)** there was other good reason for the failure to admit."

40. For the reasons set forth herein and in Reply to Defendant's Response to Plaintiff's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure (ECF Doc. 127), Defendant intentionally failed to disclose discoverable information it should have disclosed in its Initial Disclosures and its Discovery Responses without any good faith basis for doing so.

41. Defendant's actions relative to its Initial Disclosures and its Discovery Responses as set forth above undeniably constitute multiple violations of Rule 37 of the Federal Rules of Civil Procedure which warrants the imposition of sanctions.

42. The time Plaintiff's counsel spent preparing for and taking the depositions of Ms. Sarcinella and Ms. McElhinny was approximately seven hours and the cost of their two deposition transcripts was $185.40 and $372.90, respectively.

43. The time Plaintiff's counsel spent serving subpoenas on Mr. Hoovler and Officer Snider was approximately four hours.

44. Plaintiff was also required to issue and deliver to Mr. Hoovler and Officer Snider witness fees and mileage expenses of $136.25 each for a total of $272.50.

45. The time Plaintiff's counsel spent preparing, discussing with defense counsel, and finalizing the stipulations regarding the testimony of Jennifer Sarcinella (ECF Doc 77) and Lynsie McElhinny (ECF Doc 80) was approximately six hours.

46. Therefore, as a result of Defendant's refusal to admit liability and multiple violations of the Federal Rules of Civil Procedure, Plaintiff's counsel was forced to expend a total of approximately seventeen hours of time and incurred costs totaling $830.80 that they should not have been forced to expend.

47. Plaintiff's counsel's regular hourly rate is $450 per hour.

48. Therefore, the value of the time Plaintiff's counsel was required to expend was $7,650.00.

49. Under the circumstances, Defendant should be ordered to reimburse Plaintiff's counsel the total sum of $8,480.80.

50. Plaintiff also avers that unless this Honorable Court orders Defendant to pay a stiff monetary sanction on top of reimbursing Plaintiff for the aforementioned costs, Defendant and its counsel will continue to habitually violate Rules 11 and 37 of the Federal Rules of the Civil Procedure by refusing to admit facts and/or liability even in cases where they know the

facts are true and/or liability is absolutely clear, they will continue to raise erroneous and inapplicable affirmative defenses and refuse to withdraw them even when the evidence clearly establishes they should, they will continue to shirk their initial disclosure and discovery responsibilities, and Defendant and its counsel will continue to waste judicial resources that could be better spent on real controversies and genuine issues of disputed fact and liability.

51. By and through the Federal Tort Claims Act, Defendant has already set up a process that is severely tilted in its favor and that is unfair to plaintiffs who are injured by the negligent acts of Defendant and its employees.

52. To now allow Defendant and its counsel to play fast and loose with the Federal Rules of Civil Procedure, and specifically Rules 11 and 37, would be tantamount to condoning and precipitating future such conduct.

53. Under the circumstances, Plaintiff respectfully submits that sanctions in the minimum additional amount of $25,000.00 are not only appropriate, but necessary.

54. If this Court has any doubt that severe sanctions are appropriate, then Plaintiff respectfully requests that an evidentiary hearing be scheduled so Plaintiff can question Ms. Stevenson, Ms. McElhinny, and defense counsel regarding the comments allegedly attributed to unnamed others and why so much information Defendant now relies on to oppose Plaintiff's Motion for Sanctions was never disclosed before trial.

55. No party will suffer any prejudice whatsoever if the requested relief is granted, while Plaintiff and his counsel have suffered, and future plaintiffs will suffer severe and irreparable prejudice and harm if the requested relief is not granted.

WHEREFORE, Plaintiff, Scott E. Wingard, respectfully requests that this Court enter an order in the form attached hereto.

                                            Respectfully submitted,
                                            **THE FARNETH LAW GROUP, LLC**
                                            By: *s/George R. Farneth II*
                                            George R. Farneth II, Esquire
                                            445 Fort Pitt Blvd., Suite 160
                                            Pittsburgh, PA  15219
                                            Tel: 412-977-7779
                                            Fax: 412-586-4713
                                            E-mail: grf@farnethlaw.com
                                            PA Bar No.: 53914
                                            *Attorneys for Plaintiff,*
                                            *Scott E. Wingard*

# CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing *Plaintiff's Amended Motion for Sanctions Pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure* was served via electronic filing upon the following:

Jacqueline C. Brown
Assistant U.S. Attorney, Civil Division
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
*jacqueline.c.brown@usdoj.gov*

Dated:  February 28, 2023                    **THE FARNETH LAW GROUP, LLC**

By: *s/George R. Farneth II*
George R. Farneth II, Esquire
*Attorneys for Plaintiff, Scott E. Wingard*